IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CHARLESTON
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Kenneth Okam, Chinyere Okam, Access One Motors, LLC, Access One Motors, Inc., and Access One Motors, Ltd., <br><br> Plaintiffs, <br><br> vs. <br><br> MSC Mediterranean Shipping Company, S.A., Anders Williams Trucking Company d/b/a Port City Transportation, and Ben Augustin d/b/a Vship Professional Shipping Services, <br><br> Defendants. | CIVIL ACTION 2:11- 448 - DCN <br><br><br><br><br><br> (NONJURY) |

## PLAINTIFFS' VERIFIED COMPLAINT

COME NOW Plaintiffs in the above captioned action, and complaining of Defendants, show this Honorable Court as follows:

1. This is a case of conversion of Plaintiff's goods during ocean transportation from Charleston, South Carolina across the Atlantic Ocean to West Africa, and diversion of said goods without cause into the Indian Ocean, and is an admiralty and maritime claim within the meaning of Rule 9(h); Plaintiffs invoke the admiralty jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333(1).

2. This case is governed by statutes and common law of the United States, of the state of South Carolina, and laws supplemental thereto and amendatory thereof.

3. The subject cargoes were loaded onto Defendants' vessels at the Port of Charleston for ocean carriage to Lagos (Tincan Island), Nigeria and to Cotonou, Benin.

4. Plaintiffs Kenneth Okam and Chinyere Okam are residents and citizens of Charlotte, North Carolina.

5. Plaintiffs Access One Motors, LLC and Access One Motors, Inc. are business entities formed under and existing by virtue of the laws of the state of North Carolina, with principal places of business located in Charlotte, North Carolina, and are owned by Kenneth Okam and Chinyere Okam.

6. Access One Motors, LLC is successor in interest to Access One Motors, Inc.

7. Plaintiff Access One Motors, Ltd. is a business entity formed under and existing by virtue of the laws of the Republic of Nigeria, and is owned by Kenneth Okam and Chinyere Okam.

8. On information and belief at all times material hereto, MSC Mediterranean Shipping Company, S.A., was and is a foreign business corporation formed under and existing by virtue of the laws of a jurisdiction other than South Carolina, with a principal place of business at 40, Avenue Eugene-Pittard-CH-1206, Geneva, Switzerland, and other places of business worldwide including a place of business at 550 Long Point Road, Mt. Pleasant, SC 29464.

9. On information and belief at all times material hereto, Anders Williams Trucking Company, was and is a foreign corporation formed under and existing by virtue of the laws of North Carolina, was and is doing business as "Anders Williams Trucking Company, Inc. d/b/a Port City Transportation," under United States Department of Transportation number 223391, was not and is not authorized

to do business in South Carolina, but was and is actually doing business in South Carolina without authorization at 1003-A Lincoln Avenue, North Charleston, SC 29406.

10. On information and belief at all times material hereto, Ben Augustin was and is doing business as "Vship Professional Shipping Services" in New York, South Carolina, and other locations, with a place of business at 373 Broadway, Suite D-5, New York, New York 10013.

11. On information and belief at all times material Defendants held themselves out to the public as ocean carriers, foreign freight forwarders, NVOCCs, consolidators, intermodal carriers, export packers, shipping agents, and/or export shipping professionals.

12. On or about May, 2009 Plaintiffs booked with Defendants (booking number HOU414265) the shipment of 4 automobiles and other goods aboard Defendants' vessel in container MSCU9393585 from Charleston, SC to Lagos (Tincan Island), Nigeria ("first shipment").

13. Plaintiffs prepaid Defendants for ocean freight for the first shipment by check 5245 in the amount of $3,400.00.

14. Plaintiffs prepaid stuffing and local drayage by Access One Motors, Inc. check 5213 in the amount of $402.50.

15. On information and belief, on or about July, 2009 Defendants loaded the first shipment but refused to issue a Bill of Lading for the first shipment.

16. On or about May, 2009 Plaintiffs booked with Defendants (booking number HOU414266) the shipment of 4 automobiles and other goods aboard Defendants' vessel in container TGHU8735792 from Charleston, SC to Cotonou, Benin ("second shipment").

17. Plaintiffs prepaid Defendants for ocean freight for the

second shipment by check 5244 in the amount of $3,600.00.

18. Plaintiffs prepaid Defendants for stuffing and local drayage by check 5213 in the amount of $402.50.

19. On information and belief, on or about July, 2009 Defendants loaded the second shipment but refused to issue a Bill of Lading for the second shipment.

20. Due to the negligence, delicts, intentions, or fault of Defendants, the cargo in the first shipment has still not arrived at Lagos, Nigeria.

21. Due to the negligence, delicts, intentions, or fault of Defendants, the cargo in the second shipment has still not arrived at Cotonou, Benin.

22. On information and belief the first and second shipments are presently located in the Indian Ocean port of Mombasa, Kenya.

23. Despite Plaintiffs' due demand for possession of Plaintiffs' goods in the first and second shipments, Defendants failed and refused to deliver possession of said goods to Plaintiffs.

24. As a direct and proximate result of the negligence, delicts, intentions, or fault of Defendants, Plaintiffs have been deprived of cargo with a sound landed value of $200,000 as best it can be determined at this time.

<u>FOR A FIRST CAUSE OF ACTION</u>
(Injunction)

25. The above allegations are restated as if set forth herein verbatim.

26. Due to Defendants' continued possession of Plaintiffs' goods, Plaintiffs are informed and believe that Plaintiffs are entitled to an Injunction prohibiting Defendants' continued possession of Plaintiffs' goods and ordering return of Plaintiffs' goods to Plaintiffs.

## FOR A SECOND CAUSE OF ACTION
### (Conversion)

27. The above allegations are restated as if set forth herein verbatim.

28. Defendants are export shipping professionals.

29. At all times material Defendants held themselves out to the public as export shipping professionals who could handle the transportation of goods by steamship from Charleston, South Carolina to Lagos, Nigeria and Cotonou, Benin.

30. Defendants undertook to handle for Plaintiffs the transportation of Plaintiffs' automobiles and other goods by steamship from Charleston, South Carolina to Lagos, Nigeria and Cotonou, Benin.

31. Despite Plaintiffs' due demand for possession of Plaintiffs' goods in the first and second shipments, Defendants failed and refused to deliver possession to Plaintiffs.

32. As a direct and proximate result of the negligence, delicts, intentions, or fault of Defendants, Plaintiffs have been deprived of cargo with a sound landed value of $200,000 as best it can be determined at this time.

33. Due to Defendants' conversion of Plaintiffs' goods, Plaintiffs are entitled to the $200,000 value of the converted goods, consequential damages, attorneys' fees, pre-judgment interest, and punitive damages.

## FOR A THIRD CAUSE OF ACTION
### (Negligence)

34. The above allegations are restated as if set forth herein verbatim.

35. At all times material hereto, Defendants owed duties to Plaintiffs to exercise reasonable care to book, load, stow,

and carry the cargo to the agreed destinations and deliver the cargo as agreed.

36. Defendants breached said duties of reasonable care in the following particulars:
    a. failing to properly book the cargo;
    b. failing to carry the cargo to the agreed destinations;
    c. failing to carry the cargo to the correct ocean;
    d. failing to deliver the cargo;
    e. failing to issue Bills of Lading;
    f. materially deviating from the agreed carriages;
    g. failing to properly complete the Booking Notes, Dock Receipts, Bills of Lading, and/or other shipping documents which controlled carriage of the cargo;
    h. failing to return Plaintiffs' goods upon demand;
    i. other acts or omissions, negligence, or fault which may come to light during discovery or which may be shown upon the trial of this matter.

37. Defendants' said breaches of duty directly and proximately caused Plaintiffs' $200,000.00 as best it can be determined at this time.

38. As a direct and proximate result of Defendants' said negligence Plaintiffs have incurred and will in the future incur attorneys' fees to prosecute this claim, all of which was foreseeable by Defendants.

39. As a direct and proximate result of Defendants' said negligence, Plaintiffs have incurred and will in the future incur a filing fee of $350, fees for service of process, and other costs of this action.

40. There exist in this case no exceptional circumstances which would preclude an award of pre-judgment interest in

accordance with the general rule in admiralty property damage claims.

41. As a direct and proximate result of Defendants' said negligence, Plaintiffs are informed and believe that they are entitled to pre-judgment interest on damages in this action.

42. Plaintiffs are informed and believe the legal rate of interest for pre-judgment claims in South Carolina is 8.75% per annum. *S.C. Code Ann.* § 34-31-20(A).

FOR A FOURTH CAUSE OF ACTION
(Breach of Contract)

43. The above allegations are restated as if set forth herein verbatim.

44. Alternatively, Plaintiffs contracted with Defendants to carefully load, stow, and carry Plaintiffs' cargo to the agreed destinations, by an agreed means of ocean carriage, for agreed payments.

45. Plaintiffs paid Defendants, tendered the cargo in good order and condition, and fully performed under said contracts.

46. Defendants materially breached said contracts of carriage, deviated materially from the agreed means and routes of ocean carriage, and refused to deliver possession of Plaintiffs' cargo upon lawful demand.

47. Defendants' said breaches of duty directly and proximately caused Plaintiff's losses of $200,000.00 as best it can be determined at this time.

48. As a direct and proximate result of Defendants' said material breaches of contract Plaintiffs have incurred and will in the future incur attorneys' fees to prosecute this claim, all of which was foreseeable by Defendants.

49. As a direct and proximate result of Defendants' said material breaches of contract, Plaintiffs have incurred and will in the future incur a filing fee of $350, fees for service of process, and other costs of this action.

50. There exist in this case no exceptional circumstances which would preclude an award of pre-judgment interest in accordance with the general rule in admiralty property damage claims.

51. As a direct and proximate result of Defendants' said material breaches of contract, Plaintiffs are informed and believe that they are entitled to pre-judgment interest on damages in this action.

52. Plaintiffs are informed and believe the legal rate of interest for pre-judgment claims in South Carolina is 8.75% per annum. *S.C. Code Ann.* § 34-31-20(A).

53. One or more Defendants, in refusing Plaintiffs' lawful demand for possession of Plaintiffs' goods, breached their contracts with Plaintiffs so that said breaches of contracts were accompanied by one or more fraudulent acts.

54. Due to Defendants' breaches of contracts accompanied by one or more fraudulent acts, Plaintiffs are entitled to an award of punitive damages against Defendants participating in the said refusal to return Plaintiffs' goods.

FOR A FIFTH CAUSE OF ACTION
(Breach of Bailment for Mutual Benefit)

55. The above allegations are restated as if set forth herein verbatim.

56. Plaintiffs and Defendants entered into bailments for mutual benefit of Plaintiffs' automobiles and other goods, under which Defendants undertook a duty to protect Plaintiffs' automobiles and other goods.

57. Plaintiffs tendered to Defendants Plaintiffs' automobiles and other goods in good order and condition, prepaid agreed amounts of freight, and fully performed the bailment agreements.
58. Defendants materially breached said bailment agreements by failing to safeguard and protect Plaintiffs' automobiles and other goods.
59. As a direct and proximate result of Defendants' said failure to safeguard and protect Plaintiffs' automobiles and other goods, Plaintiffs have losses as aforesaid totaling $200,000 as best they can be determined at this time.
60. As a direct and proximate result of Defendants' said material breaches of Defendants' bailment duties, Plaintiffs have incurred and will in the future incur attorneys' fees to prosecute this claim, all of which was foreseeable by Defendants.
61. As a direct and proximate result of Defendants' said material breaches of Defendants' bailment duties, Plaintiffs have incurred and will in the future incur a filing fee of $350, fees for service of process, and other costs of this action.
62. There exist in this case no exceptional circumstances which would preclude an award of pre-judgment interest in accordance with the general rule in admiralty property damage claims.
63. As a direct and proximate result of Defendants' said breach of bailment duties, Plaintiffs are informed and believe that they are entitled to pre-judgment interest on damages in this action.

64. Plaintiffs are informed and believe the legal rate of interest for pre-judgment claims in South Carolina is 8.75% per annum. *S.C. Code Ann.* § 34-31-20(A).

PLAINTIFFS' PRAYER

WHEREFORE, by reason of the foregoing, Plaintiffs pray that summons issue citing Defendants to appear and answer the aforesaid matters, that this Court issue an Injunction prohibiting Defendants' continued possession of Plaintiffs' goods and ordering return of Plaintiffs' goods to Plaintiffs, that judgment be entered in favor of Plaintiffs and against Defendants in the true and absolute sum of $200,000.00, plus additional compensatory, consequential, special, and general damages, punitive damages, pre-judgment interest at the legal rate of 8.75% per annum, attorneys' fees, and costs of this action, and that this Court award Plaintiffs any other amount and grant Plaintiffs any other relief that may be proven or that justice may require.

RESPECTFULLY SUBMITTED:

JOHN HUGHES COOPER, P.C.

By: /s John Hughes Cooper
JOHN HUGHES COOPER, ESQUIRE
   Federal Court ID 298
   South Carolina Bar 1387
   State Bar of Georgia 185986
JOHN TOWNSEND COOPER, ESQUIRE
   Federal Court ID 10172
   South Carolina Bar 76087
1808 Middle Street
Post Office Box 395
Sullivan's Island, SC 29482
843-883-9099; fax 843-883-9335
shiplaw@jhcooper.com

and

```
                    CAIN DENNY, ESQUIRE
                    CAIN DENNY, P.A.
                        Federal Court ID 7383
                        South Carolina Bar 13590
                    P.O. Box 1205
                    Charleston, S.C. 29402
                    843-965-5400

            ATTORNEYS FOR PLAINTIFFS
```

February 14, 2011
Sullivan's Island, South Carolina

## V E R I F I C A T I O N

COMES NOW Kenneth Okam, who deposes and says:

a) My name is Kenneth Okam, I am a citizen and resident of North Carolina, over 18 years of age, and of sound mind.

b) I have read the foregoing PLAINTIFFS' VERIFIED COMPLAINT and know the contents thereof and the same are true to the best of my knowledge, except as to the matters therein stated to be on information and belief, and as to those matters I believe them to be true.

c) The sources of my information and the grounds of my belief are my personal knowledge and documents in my possession. Further affiant sayeth naught.

                                                                         _____
                                                                         Kenneth Okam

Sworn to and subscribed before me this \_\_\_\_ day of February, 2011.

(SEAL)    _____
             Notary Public for North Carolina; My Commission Expires: _____

# V E R I F I C A T I O N

COMES NOW Kenneth Okam, who deposes and says:

a) My name is Kenneth Okam, I am a citizen and resident of North Carolina, over 18 years of age, and of sound mind.

b) I have read the foregoing PLAINTIFFS' VERIFIED COMPLAINT and know the contents thereof and the same are true to the best of my knowledge, except as to the matters therein stated to be on information and belief, and as to those matters I believe them to be true.

c) The sources of my information and the grounds of my belief are my personal knowledge and documents in my possession. Further affiant sayeth naught.

_____
Kenneth Okam

(SEAL)

Sworn to and subscribed before me this 21 day of February, 2011.

_Francis S Kanu_
Notary Public for North Carolina; My Commission Expires: 9-8-2013

12